UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARCO MORFIN ALVAREZ, | ) | CASE NO. 4:26-cv-445 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN IAN HEALY, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

*Pro se* Petitioner Marco Morfin Alvarez has filed Petition for a Writ of Habeas Corpus in this case under 28 U.S.C. § 2241.  (Doc. No. 1.)[1]  He is a federal prisoner incarcerated at Federal Correctional Institute in Elkton, Ohio.

Pursuant to 28 U.S.C. § 2243, a federal district court must conduct an initial review of *habeas corpus* petitions.  *See also Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

Upon review, the Court finds that the Petition warrants *sua sponte* dismissal.

Petitioner did not pay the filing fee in the case or file a motion to proceed *in forma pauperis*. Although this deficiency could be remedied, the Court does not find it necessary to require Petitioner to do so because he does not raise a claim that is ripe for adjudication.

The basis for the Petition is that the BOP "will deny [Petitioner] prerelease placement] in a Residential Reentry Center or to home confinement pursuant to 18 U.S.C. § 3624 because he is non-United States citizen.  (Doc. No. 1 at 1.)  Seeking a writ enjoining the BOP from denying him prerelease placement, he states his BOP case manager has told him that a request for RRC placement

---

[1]He also filed an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction.  (Doc. No. 3.)

"will almost certainly trigger ICE to issue a final order of removal, after which the BOP will deny prerelease placement." (*Id*.)

This Court's jurisdiction, however, is limited by Article III of the Constitution to actual cases and controversies. U.S. Const. art. III, § 2. Plaintiff does not indicate that ICE has actually issued him a final order of removal, or, that he has been denied consideration for placement in an RRC. Petitioner's claims are speculative and do not present an actual case or controversy over which the Court may exercise jurisdiction.

Further, before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The exhaustion requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

Petitioner does not indicate that he has attempted to, or has fully exhausted his administrative remedies with regard to his claims. His Petition is therefore subject to dismissal for this reason as well.

### Conclusion

Accordingly, the Petition in this case (Doc. No. 1) is denied without prejudice and this action is dismissed in accordance with Rule 4 of the Rules Governing *Habeas Corpus* Cases and 28 U.S.C. § 2243. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

/s/ John R. Adams

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED:  April 20, 2026